UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


| | |
|---|---|
| IN RE: BEST BUY CO., INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | MDL No. 2256 |
| IN RE: GENESCO, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | MDL No. 2259 |
| IN RE: CRATE & BARREL CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | MDL No. 2260 |
| IN RE: BED, BATH & BEYOND, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | MDL No. 2267 |
| IN RE: SUR LA TABLE, INC., CALIFORNIA SONG-BEVERLY CREDIT CARD ACT LITIGATION | MDL No. 2268 |


### ORDER DENYING TRANSFER

**Before the Panel:**[*] The Panel is presented with five motions for centralization of actions involving the California Song-Beverly Credit Card Act (the Song-Beverly Act). The actions before the Panel stem from the recent California Supreme Court ruling in *Pineda v. Williams-Sonoma Stores* that "personal identification information, as that term is used in [the Song-Beverly Act], includes a cardholder's ZIP code." 51 Cal. 4th 524 (Cal. 2011). That ruling triggered the filing of the more than twenty actions encompassed by these five motions for centralization and many other similar actions against various retailers throughout the state of California. Our decision several years ago in *In re Payless ShoeSource, Inc., California Song-Beverly Credit Card Act Litigation*, 609 F. Supp. 2d 1372 (J.P.M.L. 2009), no doubt encouraged the currently pending motions to centralize.

I.

Each of the five dockets we now consider are quite similar, though the parties vary in their view of centralization.

---

[*] Judge Paul J. Barbadoro and Judge Marjorie O. Rendell took no part in the decision of this matter.

-2-

In MDL No. 2256, pursuant to 28 U.S.C. § 1407, plaintiff in one Northern District of California action moves to centralize this litigation in the Northern District of California. MDL No. 2256 consists of five actions pending in two districts, as listed on Schedule A.[1] Plaintiffs in the Northern District of California *Bennett* action and the Central District of California *Zelis* action support the motion. Defendants oppose centralization.

In MDL No. 2259, plaintiff in the Northern District of California action moves, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of California. MDL No. 2259 consists of two actions pending in two districts, as listed on Schedule B. Responding plaintiff supports, and defendant Genesco, Inc., does not oppose, the motion.

In MDL No. 2260, pursuant to 28 U.S.C. § 1407, defendant Euromarket Designs, Inc. d/b/a Crate & Barrel moves to centralize this litigation in the Northern District of California. MDL No. 2260 consists of four actions pending in two districts, as listed on Schedule C.[2] All responding parties agree that centralization is appropriate, though the Central District of California *Salmonson* potential tag-along plaintiff requests centralization in that district.

In MDL No. 2267, pursuant to 28 U.S.C. § 1407, plaintiff in the Northern District of California action moves to centralize this litigation in the Northern District of California. MDL No. 2267 consists of eight actions pending in two districts, as listed on Schedule D.[3] Plaintiffs in the Southern District of California actions have filed briefs in support of the motion. Defendants oppose centralization.

In MDL No. 2268, plaintiff in the Central District of California action moves, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Northern District of California. This litigation consists of three actions pending in two districts, as listed on Schedule E. Plaintiff in one Northern District of California action supports the motion. No other party has filed a response.

---

[1] The previously pending Northern District of California *Zelis* action was recently transferred to the Central District of California pursuant to Section 1404(a). Additionally, the Panel has been notified that an additional related action is pending in the Northern District of California.

[2] When the motion was originally filed, a fifth action was pending in the Central District of California (*Salmonson*) that was subsequently remanded to state court. *Salmonson* has been removed again to the Central District of California. Additionally, defendant has notified the Panel that two additional related actions are pending in the Northern District of California.

[3] The Northern District of California *Bennett* action was recently transferred to the Central District of California pursuant to Section 1404(a). Additionally, the Panel has been notified that an additional related action is pending in the Northern District of California.

-3-

II.

Though the actions involved in each docket unquestionably involve common factual and legal issues, we are not persuaded that Section 1407 centralization is necessary at this time. All of these actions involve either California plaintiffs or transactions within California. Indeed, it appears that the complaints could have been filed in any federal court in California. At oral argument, all responding parties represented that they were amenable to Section 1404(a) transfer in the absence of Section 1407 centralization. *See In re Gaiam, Inc., Water Bottle Mktg., Sales Practices & Prods. Liab. Litig.*, 672 F. Supp. 2d 1373, 1374-75 (J.P.M.L. 2010) ("Where there are only a limited number of actions and the involved parties are amenable to Section 1404 transfer, such transfer is generally preferable to centralization under Section 1407." ). In these circumstances, alternative means to Section 1407 centralization, such as transfer under Section 1404(a), are preferable. Indeed, centralization under Section 1407 should be the last solution after considered review of all other options.

Some parties have argued that Section 1407 centralization is preferable because any future related actions would benefit from the Section 1407 tag-along process. For instance, the moving MDL No. 2260 defendant argued that Section 1407 centralization was "definitive" regarding tag-along actions. With all due respect, this is a short-sighted view of centralization. While Section 1407 employs a mechanism for future related actions, transfer is not automatic, nor is it permanent as it is under Section 1404. Provided that Section 1404 transfer is granted, such a transfer is for all purposes and not, as is the case with centralization under Section 1407, for pretrial purposes only.

Seeking transfer under Section 1404(a) or seeking to dismiss or stay duplicative actions under the first-to-file doctrine are among the variety of options available to avoid duplication of efforts. Indeed, Judge Charles R. Breyer of the Northern District of California recently granted such a motion by defendant in the MDL No. 2267 *Bennett* action, transferring *Bennett* to the Central District of California. *See Bennett v. Bed Bath & Beyond, Inc., et al.*, No. 11-02220, 2011 U.S. Dist. LEXIS 79973 (N.D. Cal. Jul. 22, 2011). Judge Breyer found the *Bennett* action to be duplicative of the Central District of California *Elan* action, which is also included in the MDL No. 2267 motion for centralization. *See id.* at *2. He found that both cases involved the same defendant and, "although the named Plaintiffs differ, they seek to represent essentially the same putative class of California consumers related to the same legal and factual issue...." *Id.* Importantly, Judge Breyer found unpersuasive plaintiff's argument that he should not rule on the motion to transfer until the Panel had decided the pending Section 1407 motion for centralization, stating that his ruling would "aid the Panel in its decision on whether to treat the [MDL No. 2267] actions as an MDL and, if so, the court to which that MDL ought to be assigned." *Id.* at *5. We agree with Judge Breyer. In fact, in the past, we have denied centralization where there is a "reasonable prospect" that the resolution of Section1404 motions could eliminate the multidistrict character of the actions before us. *See In re Republic Western Ins. Co. Ins. Coverage Litig.*, 206 F. Supp. 2d 1364, 1365 (J.P.M.L. 2002).

It is perfectly understandable that our decision in the *Payless ShoeSource* litigation has led some to assume that the Panel would centralize all similar groups of cases. However, these cases

-4-

do seem to be relatively straightforward.  Upon reviewing the *Payless ShoeSource* litigation, the Panel concludes that these types of cases can proceed just as efficiently without centralization. The parties likely could have resolved any duplicative issues through informal coordination.  With the benefit of more diverse arguments that unfolded in these cases, the Panel has reached a consensus that the proponents of centralization have not met their burden of demonstrating the need for centralization, particularly given the availability of Section 1404.  *See In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010) ("As we have stated in the past, where only a minimal number of actions are involved, the moving party generally bears a heavier burden of demonstrating the need for centralization.").

IT IS THEREFORE ORDERED that these five motions, pursuant to 28 U.S.C. § 1407, for centralization are denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil           W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.    Barbara S. Jones

**IN RE: BEST BUY CO., INC., CALIFORNIA
SONG-BEVERLY CREDIT CARD
ACT LITIGATION**                                             MDL No. 2256

## SCHEDULE A

<u>Central District of California</u>

Sean Gass v. Best Buy Co., Inc., C.A. No. 2:11-01507
Roshann Reese v. Best Buy Co., Inc et al., C.A. No. 2:11-02552
Jason Zelis v. Best Buy Co., Inc., C.A. No. 2:11-05915

<u>Northern District of California</u>

Jennifer Bennett v. Best Buy Co., Inc., C.A. No. 3:11-01499
Jared Wood v. Best Buy Co., Inc., C.A. No. 3:11-01877

IN RE: GENESCO, INC., CALIFORNIA SONG-
BEVERLY CREDIT CARD ACT LITIGATION                MDL No. 2259

## SCHEDULE B

Eastern District of California

Michael M. Fraser v. Genesco, Inc., C.A. No. 2:11-598

Northern District of California

Frank Pabst v. Genesco, Inc., C.A. No. 3:11-1592

**IN RE: CRATE & BARREL CALIFORNIA
SONG-BEVERLY CREDIT CARD
ACT LITIGATION** MDL No. 2260

**SCHEDULE C**

<u>Northern District of California</u>

Nancy Dardarian v. Euromarket Designs, Inc., C.A. No. 3:11-00945
Carlos Campbell v. Euromarket Designs, Inc., et al., C.A. No. 3:11-01368
Thomas O'Connor v. Euromarket Designs, Inc., C.A. No. 3:11-02140

<u>Southern District of California</u>

Tiffany Heon v. Euromarket Designs, Inc., et al., C.A. No. 3:11-00769

**IN RE: BED, BATH & BEYOND, INC., CALIFORNIA
SONG-BEVERLY CREDIT CARD
ACT LITIGATION**  MDL No. 2267

## SCHEDULE D

Central District of California

Lisa Elan v. Bed, Bath & Beyond, Inc., et al., C.A. No. 2:11-02293
Maria Eugenia Saenz Valiente v. Bed, Bath & Beyond, Inc., et al., C.A. No. 2:11-02437
Hambik Oktanyan v. Bed, Bath and Beyond, Inc., et al., C.A. No. 2:11-02609
Shelby Bennett v. Bed, Bath & Beyond, Inc., C.A. No. 2:11-06137

Southern District of California

Jennifer Bourbiel v. Bed, Bath & Beyond, Inc., et al., C.A. No. 3:11-00677
Tiffany Heon v. Bed, Bath & Beyond, Inc., et al., C.A. No. 3:11-00815
Geri Paxton v. Bed, Bath & Beyond, Inc., et al., C.A. No. 3:11-00990
Jessica Shughrou v. Bed, Bath & Beyond, Inc., et al., C.A. No. 3:11-01020

IN RE: SUR LA TABLE, INC., CALIFORNIA SONG-
BEVERLY CREDIT CARD ACT LITIGATION                MDL No. 2268

## SCHEDULE E

<u>Central District of California</u>

Amanda Georgino v. Sur La Table, Inc., et al., C.A. No. 2:11-03522

<u>Northern District of California</u>

Nancy Dardarian v. Sur La Table, Inc., C.A. No. 3:11-00948
Linda Petersen v. Sur La Table, Inc., C.A. No. 3:11-01254